UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON CRIST,<br><br>             Plaintiff,<br><br>    v.<br><br>SHERIFF MATTHEW CLIFFORD; ADA COUNTY; SGT. MEACHAM; and DEPUTY TAMONDONG,<br><br>             Defendants. | Case No. 1:24-cv-00531-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Damon Crist's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. (Dkts. 8, 9). A "conditional filing" means a plaintiff must obtain authorization from the Court to proceed. Plaintiff has since filed a First Amended Complaint ("FAC"), along with a Motion to Amend.

Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed on the FAC.

1.    **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.      Factual Allegations**

Plaintiff is a pretrial detainee currently held in the Ada County Jail. Plaintiff claims the jail-issued shoes are dangerous and cause inmates, including Plaintiff, to slip and fall with frightening regularity. The shoes lose their tread very quickly, and any small amount of dirt of water can result in dangerous falls. Plaintiff brought concerns about the shoes to the attention of jail officials numerous times. Though Plaintiff was told he could simply request new shoes whenever the tread wore out, Plaintiff states he has been denied new shoes despite the tread having worn out.

After filing several grievances raising his concerns about the jail shoes, Defendants Sergeant Meachum and Deputy Tamondong instituted disciplinary proceedings against Plaintiff for abuse of the grievance process—for filing more than one grievance on a single issue—and for

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

using disrespectful language in grievances. Plaintiff was disciplined with loss of privileges. (*See generally FAC*).

3.      **Discussion**

  A.      ***Standards of Law Governing Plaintiff's Claims***

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. (*FAC* at 1). To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted). A plaintiff may also seek

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

To bring a § 1983 claim against a local governmental entity such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility

of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B.    *Claims of Unconstitutional Living Conditions*

Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees have a

right to adequate conditions of detention while they are awaiting trial. A due process violation

occurs when the conditions to which the detainee is subjected amount to punishment. *Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979). Conditions-of-detention claims are analyzed using a standard

of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir.

2018). Under this standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the
> conditions under which the plaintiff was confined; (ii) those
> conditions put the plaintiff at substantial risk of suffering serious
> harm; (iii) the defendant did not take reasonable available measures
> to abate that risk, even though a reasonable official in the
> circumstances would have appreciated the high degree of risk
> involved—making the consequences of the defendant's conduct
> obvious; and (iv) by not taking such measures, the defendant caused
> the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each

particular case." *Id.* (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-detention

claims, this standard must not be confused with the objective standard used for evaluating claims

of negligence under state law. This is because negligence—the "mere lack of due care" by a

governmental official—"does not deprive an individual of life, liberty, or property under the

Fourteenth Amendment." *Castro*, 833 F.3d at 1071; *see also Daniels v. Williams*, 474 U.S. 327,

332 (1986) (negligence and ordinary negligence are not actionable under § 1983, because such

actions are not an abuse of governmental power but merely a "failure to measure up to the conduct

of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions

of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

In Claim I of the FAC, Plaintiff asserts that the jail-issued shoes are dangerous to inmates and that, despite numerous notifications about inmates falling and being injured as a result of the shoes, Defendants Ada County and Sheriff Matthew Clifford have failed to correct the issue. These allegations appear sufficient to state plausible due process claims that (1) Sheriff Clifford acted with objective deliberate indifference to the risk of danger posed by the shoes, and (2) Ada County's policy of using the shoes amounted to deliberate indifference under *Monell*. Therefore, Plaintiff may proceed on these claims at this time.

### C.     Retaliation Claims

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) . . . that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Use of a jail grievance process constitutes protected activity under the First Amendment. Thus, inmates may not be disciplined in retaliation for filing grievances. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Similarly, disrespectful language in an inmate's grievance is itself protected activity, which cannot be grounds for punishment. *Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir. 1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001).

####       i.          Retaliation Claims Against Defendants Meachum and Tamondong

In Claim II of the FAC, Plaintiff asserts Defendants Meachum and Tamondong disciplined Plaintiff for using the grievance process and for using disrespectful language in grievances.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

According to Plaintiff, these Defendants expressly stated Plaintiff was being disciplined on these bases. Thus, these retaliation claims are plausible, and Plaintiff will be allowed to proceed against Defendants Meachum and Tamondong at this time.

ii.     Retaliation Claims Against Defendants Ada County and Sheriff Clifford

In Claim III of the FAC, Plaintiff asserts similar retaliation claims against Ada County and Sheriff Clifford. The discipline Plaintiff received appears sufficient to chill a person of ordinary firmness from utilizing the grievance process. Ada County policy allegedly expressly allows jail officials to punish inmates for using disrespectful language in grievances, which is not permitted under Ninth Circuit precedent, and Sheriff Clifford is in charge of enforcing that policy.

The policy of disciplining inmates for abuse of the grievance process presents a closer question. It may be that prohibiting inmates from filing multiple grievances on similar issues reasonably advances a legitimate governmental interest, such as trying not to overload the grievance system with respect to issues that have already been addressed. *See Crist v. Ada Cnty.*, No. 1:24-CV-00180-DKG, 2024 WL 5168056, at *7-8 (D. Idaho Dec. 19, 2024) (denying motion for preliminary injunction on retaliation claim because policy of disciplining inmates for filing multiple grievances on the same issue appeared reasonably related to legitimate governmental interest). But Plaintiff alleges he was not, in fact, grieving the same issue. At this early stage of the proceedings, Plaintiff will be permitted to proceed on his retaliation claims against Ada County and Sheriff Clifford based on both policies.[1]

---

[1]     Plaintiff presently has another case in this Court asserting similar retaliation claims against Ada County. *See Crist v. Ada County*, Case No. 1:24-cv-00180-DKG (D. Idaho, filed April 4, 2024). Though the claims against Ada County in this case will not be dismissed at this time, they may be subject to dismissal at a later date to the extent they are duplicative of claims asserted in Case No. 1:24-cv-00180-DKG.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

        iii.       <u>Failure-to-Train Claims Against Defendants Ada County and Sheriff Clifford</u>

Finally, Claim IV of the FAC asserts Ada County and Sheriff Clifford have failed to adequately train jail officers regarding disciplining inmates for use of the grievance process generally, and for including disrespectful language in grievances specifically.

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). To maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" amounting to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Given that inmates have a First Amendment right to file grievances and that Ninth Circuit precedent prohibits disciplining inmates for using disrespectful language in those grievances, the FAC plausibly suggests Ada County and Sheriff Clifford have not adequately trained jail employees regarding retaliation with respect to inmate grievances. Thus, Plaintiff may proceed on his failure-to-train claims at this time.

**4.    Conclusion**

Plaintiff may proceed as outlined above. This Order does not guarantee Plaintiff's claims will be successful. Rather, it merely finds they are plausible, meaning they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[2] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

**IT IS ORDERED:**

1. The FAC states plausible § 1983 claims as set forth above. Therefore, Plaintiff's Motion to Amend (Dkt. 8) is GRANTED.

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the First Amended Complaint (Dkt. 9), a copy of this Order, and a Waiver of Service of Summons to **Jan M. Bennetts, Ada County Prosecutor, 200 West Front Street, Room 3191, Boise, Idaho, 83702**.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or

---

[2] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards the Court has used to screen the Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

4. If Plaintiff receives a notice indicating service will not be waived for an entity or for certain individuals, Plaintiff will have an additional ninety days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

5. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued contemporaneously with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, by the later of (a) 150 days after entry of this Order or (b) 150 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

7. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9.    The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10.   All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11.   No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12.   Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13.   Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate

basis previously determined by the District Judges, having given due consideration

to the existing caseload.

DATED: February 7, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12