UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON CRIST,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SHERIFF MATTHEW CLIFFORD; ADA COUNTY; SGT. MEACHUM; DEPUTY TAMONDONG; SGT. WROBLEWSKI; and MICHAEL BREWER,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00531-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiff, an inmate in the custody of the Ada County Jail, is proceeding pro se and in forma pauperis in this civil rights action. On February 7, 2025, the Court entered an Initial Review Order allowing Plaintiff to proceed on his First Amended Complaint, in which Plaintiff asserted four claims: (1) a due process conditions-of-detention claim against Defendants Ada County and Sheriff Clifford; (2) retaliation claims against Defendants Meachum and Tamondong; (3) retaliation claims against Defendants Ada County and Sheriff Clifford; and (4) failure-to-train claims, based on the grievance process, against Defendants Ada County and Sheriff Clifford. Dkt. 10.

　　　　Plaintiff has now filed a Motion to Amend the First Amended Complaint. Dkt. 16. The proposed second amended complaint reasserts Claims 1 through 4 and adds Claim

MEMORANDUM DECISION AND ORDER - 1

5—a retaliation claim against new proposed Defendants Sergeant Wroblewski and Michael Brewer. Dkt. 17.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order granting Plaintiff's Motion to Amend.

**1.      Standards of Law**

In considering whether Plaintiff should be allowed to amend the First Amended Complaint and in reviewing the proposed second amended complaint, the Court has applied the screening requirements of 28 U.S.C. §§ 1915 and 1915A, as well as the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the standards for amendment under Rule 15.

The Court is required to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Review of a complaint under § 1915A is akin to a review following a motion to dismiss—the Court applies Rule 8 pleading standards, as well as Rule 12(b)(6) standards, to determine whether the complaint fails to state a claim for relief. *See Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Mitchell v. South Carolina*, 2012 WL 786349, at *4 n.5 (D.S.C. Feb. 27, 2012) *report and recommendation*

*adopted*, No. CA 3:12-153-CMC-PJG, 2012 WL 786345 (D.S.C. Mar. 9, 2012) *aff'd sub nom. Mitchell v. South Carolina*, 474 F. App'x 298 (4th Cir. 2012).

A complaint fails to state a claim for relief under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although the Rules "do[] not require detailed factual allegations, . . . [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. The courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

MEMORANDUM DECISION AND ORDER - 3

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**2.   Discussion**

The Second Amended Complaint states plausible claims against Defendants Ada County, Clifford, Meacham, Tamondong, Wroblewski, and Brewer, and there is no evidence of bad faith or dilatory motive on the part of Plaintiff. Accordingly, the Court will grant Plaintiff's Motion to Amend and permit him to proceed on the Second Amended Complaint.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend the First Amended Complaint (Dkt. 16) is GRANTED, and the Second Amended Complaint (Dkt. 17) is deemed the operative complaint in this case.

2. Within 14 days after entry of this Order, counsel for the Defendants who have appeared must inform the Court whether they will waive service of process on behalf of new Defendants Wroblewski and Brewer. If service is

not waived, the Court will instruct the United States Marshal's Office to effect service of process on the new Defendants.

3. The Court will entertain a motion for an extension of the discovery and dispositive motion deadlines with respect to the new Defendants.

DATED: July 28, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 5