UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DAMON CRIST,<br><br>            Plaintiff,<br><br>    v.<br><br>SHERIFF MATTHEW CLIFFORD; ADA COUNTY; SGT. MEACHUM; DEPUTY TAMONDONG; SGT. WROBLEWSKI; and MICHAEL BREWER,<br><br>            Defendants. | Case No. 1:24-cv-00531-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

At the time this civil rights action was filed, Plaintiff Damon Victor Crist—who is proceeding pro se and in forma pauperis—was a pretrial detainee held in the Ada County Jail. Plaintiff has since been transferred to the custody of the Utah Department of Corrections and is incarcerated at the Utah State Correctional Facility. *See* Dkt. 54.

Now pending are several motions filed by Plaintiff.[1] The Court will address Plaintiff's motions below.

### 1.     Plaintiff's Motion Requesting Order Re: Printing Discovery Content from Flash Drive

Plaintiff claims that the Ada County Jail has refused to permit him to print material from the discovery flash drive he received from Defendants. Defendants state

---

[1] Also pending is Defendants' Motion for Summary Judgment, but that Motion is not yet ripe for the Court's consideration.

MEMORANDUM DECISION AND ORDER - 1

that they have informed Plaintiff he may print documents for the same cost as he may purchase copies.

Plaintiff is no longer being held in the Ada County Jail. Accordingly, this motion must be denied as moot. *See, e.g., Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (claims for injunctive relief moot after release from custody because inmate is "no longer subject to the prison conditions or policies he challenges"); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) ("Johnson was transferred to a federal correctional facility in Washington. Because he has demonstrated no reasonable expectation of returning to [his previous correctional facility], his claims for injunctive relief relating to [that facility's] policies are moot.").

### 2. Plaintiff's Motion to Compel

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although relevance has an expansive meaning, district courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure—namely, to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In addition, this case is subject to the Court's Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. *See* Dkt. 11. That Order sets forth the Court's mandatory disclosure requirements.

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of

MEMORANDUM DECISION AND ORDER - 2

Civil Procedure 37(a). An "evasive or incomplete" response to a discovery request "must be treated as a failure" to respond. Fed. R. Civ. P. 37(a)(4).

Plaintiff asserts Defendants have not provided certain mandatory disclosures. *See* Dkt. 32, 32-1. Defendants, on the other hand, state that they provided 7,000 documents as required by the Court's disclosure order. *See* Dkt. 42. Plaintiff does not contest Defendants' statement, but he believes there are more documents responsive to the mandatory disclosure requirements that he has not been provided. However, Plaintiff offers no evidence in support of this claim. Thus, the Court will deny this portion of the Motion to Compel as moot, given that Defendants did provide their mandatory disclosures.

Plaintiff also propounded interrogatories and requests for production seeking responses to requests identified in Plaintiff's meet-and-confer letter, which he sent prior to filing the Motion to Compel. Defendants acknowledge that it took them longer than 30 days to respond, because the production contained over 1,100 pages of additional documents. Dkt. 42-1. But they did provide the responsive documents to Plaintiff. Defendants have submitted evidence to this effect. *See* Exhibits to Dkt. 42-1.

Plaintiff does not deny that Defendants provided these documents. Instead, he claims that the documents are "irrelevant." Dkt. 48 at 1. But Plaintiff has submitted no evidence to support this allegation. Accordingly, the Court concludes that Defendants have provided the relevant and required discovery and will deny as moot this portion Plaintiff's Motion to Compel.

MEMORANDUM DECISION AND ORDER - 3

### 3. Plaintiff's Motion to Stay the Discovery Schedule

Plaintiff asks the Court to stay the discovery schedule—the deadline for which passed while the Court was considering the motion—based on Defendants' alleged failure to comply with discovery requirements. Because the Court will deny the Motion to Compel, it will also deny the Motion to Stay the Discovery Schedule.

### 4. Motion to Stay Further Proceedings

Plaintiff seeks an "immediate stay" lasting 180 days. Dkt. 49 at 1. Plaintiff bases this request on the fact that his Idaho criminal case has become final. When he filed the motion to stay, Plaintiff had not yet been transferred to Utah and thus expected to be "extradited back to his home state of Utah at any point moving forward." *Id*. As stated earlier, Plaintiff is now incarcerated in Utah.

Other than the vague allegation that Plaintiff's "ability to litigate will be impossible due to a state of zero resources," *id*., Plaintiff offers no justification for the requested stay. There is no evidence supporting Plaintiff's claim that litigating from the Utah State Correctional Facility will be any more difficult than litigating from the Ada County Jail. Therefore, the Court finds no reason to stay this case, and Plaintiff's Motion for Stay of Further Proceedings will be denied. If Plaintiff needs additional time to respond to any motion or court order, he may file a motion for an extension of time.

The Motion to Stay Further Proceedings must be denied for the additional reason that—once again—Plaintiff has violated the Court's order permitting a party only three pending motions at any given time.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's "Motion Requesting Order … to Grant Plaintiff Printing Access" (Dkt. 30) is DENIED AS MOOT.

2. Plaintiff's Motion to Compel (Dkt. 32) is DENIED AS MOOT.

3. Plaintiff's Motion to Stay the Discovery Schedule (Dkt. 31) is DENIED.

4. Plaintiff's Motion to Stay Further Proceedings (Dkt. 49) is DENIED on the merits and as violative of the Court's previous order.

DATED: January 14, 2026

_____
Honorable Debora K. Grasham
United States Magistrate Judge